UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KURT PONZAR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:12CV2219 CDP |
| | ) |
| MATTHEW LAYFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

I held a scheduling conference in this removed case on the record today. Sandra Ponzar appeared by recently entered counsel Gregory Futhey and Kurt Ponzar appeared <u>pro se.</u> Defendants appeared through Matthew Layfield, an attorney and defendant. I have serious doubts about whether I have subject-matter jurisdiction over this case because the federal claims upon which jurisdiction is premised appear to fail on their face.[1] When I began questioning Mr. Futhey about

---

[1] For example, plaintiffs attempt to state Fair Debt Collection Practices Act claims based upon judicial pleadings and judicial process, such as arguing motions in court. <u>See</u> <u>Parker v. Wetsch & Abbott, PLC</u>, 2006 WL 4846042, *3 (S. D. Iowa July 11, 2006). The only possible basis for bringing a FDCPA claim is a letter which is plainly outside the statute's one-year statute of limitations. Moreover, plaintiffs attempt to assert a § 1983 claim against private actors without any allegations demonstrating that they were acting under color of law. <u>See</u> <u>Young v. Harrison</u>, 284 F.3d 863, 870 (8th Cir. 2002) (private parties are liable under § 1983 only if they have been jointly engaged with public officers in the denial of civil rights). Plaintiffs allege in their pleadings (and Kurt Ponzar claimed during the conference) that defendants were state actors merely by using judicial process. However, a private party "does not conspire with a state official merely by invoking an exercise of the state official's authority." <u>Young</u>, 284 F.3d at 870. Finally, both plaintiffs seek a declaration under 11 U.S.C. § 362(k)(1) that defendants violated

the operative complaint in this case – one which was filed by his client while she was still proceeding pro se – he claimed ignorance to the allegations and the underlying facts. As I pointed out to Mr. Futhey and Mr. Ponzar, plaintiffs' second amended complaint is full of scandalous allegations regarding forgery, fraud before the tribunal, perjury, and other conduct for which plaintiffs offer no support and plead as fact, not "upon information and belief." It also contains numerous pleaded "facts" which are contradicted by the very exhibits attached to the pleadings. Because Mr. Futhey was unwilling to state as an officer of the Court that the pleading filed by his client before he entered the case met the requirements of Federal Rule of Civil Procedure 11, I agreed to give both plaintiffs 30 days to seek leave to amend their complaint. I will still give them time to do this, although I do take judicial notice that Mr. Futhey was the attorney of record for Mr. and Mrs. Ponzar in a Fair Debt Collection Practices Act case which was brought against several of the same defendants and previously removed to this Court. Ponzar, et al. v. Polsinelli Shughart, PC, et al., 4:12CV973 CEJ. Therefore, I find Mr. Futhey's proclaimed ignorance of the underlying facts of this

---

the automatic stay provisions, but "Congress has assigned adjudication of § 362(k)(1) actions to the bankruptcy court." In re Calderon, 2013 WL 4068213, *5 (Bankr. E.D. Ark. July 1, 2013). I make no comment regarding the state law claims because, if this Court lacks subject-matter jurisdiction, I would remand the remaining state-law claims back to state court for adjudication.

case suspect, especially since the allegations in the previous case are nearly identical to some of the allegations in this one. Both Mr. Huthey and Mr. Ponzar need to be aware of, and observe, their obligations to this Court.

Because the issue of jurisdiction must get resolved before this case can proceed, I will give plaintiffs 30 days to seek leave to amend their complaint or to dismiss their federal claims. Any proposed motion for leave to amend shall be accompanied by a proposed amended complaint which sets out the basis for federal jurisdiction and an accompanying memorandum of law which explains why amendment would not be futile, would cure the numerous deficiencies in the operative complaint, and would vest this Court with federal subject-matter jurisdiction. Defendants will be given 21 days to file an opposition to amendment, and plaintiffs will be granted 14 days to file any reply brief in support of amendment. If I conclude that leave to amend should be granted and that this Court has subject-matter jurisdiction, then I will set a dispositive motion briefing schedule by separate Order. **<u>No discovery is permitted absent further Order of this Court.</u>**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs must file any motions for leave to amend in accordance with this Memorandum and Order or for dismissal of their

federal claims by no later than **October 15, 2013.** Defendant may file any opposition to amendment by **November 5, 2013**, and plaintiffs may file any reply brief in support of their motion by **November 19, 2013. No discovery is permitted absent further Order of this Court.**

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2013.