UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KURT PONZAR, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:12CV2219 CDP |
| MATTHEW LAYFIELD, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF DISMISSAL AND REMAND**

In a scheduling conference[1] and two prior Orders dated September 16, 2013 and October 3, 2013, I explained why plaintiffs' federal claims were deficient and directed them to either file another amended complaint or dismiss their federal claims by December 16, 2013. I also reminded plaintiff Kurt Ponzar (who was then proceeding *pro se*) and Sandra Ponzar's attorney of their ethical obligations under Federal Rule of Civil Procedure 11 with respect to filing pleadings in this Court. At that time, Sandra Ponzar's attorney Gregory Futhey was unwilling to state, as an officer of the Court, that the pleadings filed by his client before he entered the case met the requirements of Rule 11. On December 15, 2013, plaintiff Sandra Ponzar's attorney filed a motion to withdraw. Plaintiffs then filed a *pro se* proposed third amended complaint. On the same day, attorney Larry A.

---

[1] The scheduling conference was held on the record on September 16, 2013.

Bagsby entered his appearance on behalf of both plaintiffs.  However, Mr. Bagsby did not sign or file the motion for leave to file the third amended complaint, nor did he sign or file the third amended complaint itself.  For that reason, on December 19, 2013, I ordered Mr. Bagsby to either sign and file a proposed motion for leave in compliance with my September 16, 2013, Memorandum and Order and a proposed fourth amended complaint or an affidavit attesting as an officer of this Court that the proposed third amended complaint filed by his clients complied with Fed. R. Civ. P. 11.  I specifically warned plaintiffs that this was their last chance to avoid dismissal of their federal claims and a remand of their remaining state law claims.

In response, Mr. Bagsby moved to withdraw on December 14, 2013, citing "irreconcilable difference[s] of opinions" on how to proceed with this case.  Plaintiffs then filed a *pro se* motion for leave to file a proposed fourth amended complaint and to dismiss all of Mrs. Ponzar's claims except her federal Fair Debt Collection Practices Act claim.  In this motion, the Ponzars again claim that Mrs. Ponzar cannot prosecute any of her claims because of a head injury, but they still request that she be permitted to bring a claim in this Court.  A memorandum in support of this motion filed by Mr. Ponzar *pro se* complains about the Court's prior rulings and argues that the proposed fourth amended complaint states federal

claims against the defendants.² It does not, for all the reasons stated in my prior Orders and for the reasons set out by defendants in opposition to amendment. Accordingly, leave to amend will be denied, plaintiffs' federal claims will be dismissed, and the remaining state law claims will be remanded to state court.

Federal Rule of Civil Procedure 15 directs courts to grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15. While Rule 15 envisions a liberal amendment policy, justice does not require the filing of a futile amendment. Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 878 (8th Cir. 2006). A proposed amendment is futile if it could not withstand a motion to dismiss for failure to state a claim. Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, amendment is futile because plaintiffs' proposed fourth amended complaint does not cure any of the deficiencies of their prior complaints. For example, plaintiffs still improperly attempt to bring § 1983 claims against private

---

²Plaintiffs did not file a reply brief in support of their motion, and their time for doing so has expired.

individuals based solely on their use of state judicial processes and without any facially plausible showing that they were acting under color of law.  See Iqbal, 556 U.S. at 678 (2009).  Moreover, although the complaint no longer seeks a declaration under 11 U.S.C. § 362(k)(1) that defendants violated the automatic stay provisions of the Bankruptcy Code, plaintiffs' alleged FDCPA claims are still based upon pleadings filed and actions taken during their bankruptcy that have already been affirmed by the Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals.  As such, the proposed amended federal claims lack facial plausibility because plaintiffs have failed to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Because "the allegations show on the face of the complaint [that] there is some insuperable bar to relief . . .," Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008), amendment is futile and will be denied.

Plaintiffs were given three chances to amend their complaint, plus a lengthy extension of time to comply with my September 16, 2013 Order. Despite these numerous bites at the apple and the entry and subsequent withdrawal of two different attorneys, plaintiffs have failed to state federal claims. I will therefore deny leave to amend and dismiss plaintiffs' federal claims for the reasons set out above and previously stated.

Because this case was removed to federal court on the basis of federal question jurisdiction and I have now dismissed all of plaintiff's federal claims, I decline to assert supplemental jurisdiction over the remaining state law claims, which will be remanded back to state court for adjudication as this case has not progressed beyond the pleading stage. See Gregoire v. Class, 236 F.3d 413, 419 (8th Cir. 2000) ("If the claim giving original jurisdiction is dismissed early in the action, before any substantial preparation has gone into the dependent claims, dismissing or remanding the state claims upon declining supplemental jurisdiction seems fair enough.") (internal quotation marks and citation omitted). I also leave it to the state court to decide Mrs. Ponzar's pending motion to dismiss her state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to withdraw [#36] is granted.

**IT IS FURTHER ORDERED** that plaintiffs' motions for leave to amend their complaint [#33, #38] are denied, and plaintiffs' federal claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' remaining state law claims are remanded to the Circuit Court of the City of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order of Dismissal and Remand on plaintiffs at their address of record.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2014.